IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COALITION OF CONCERNED CITIZENS
TO MAKEARTSMART, an Unincorporated
Association, *et al.*,

    Plaintiffs,

vs.

FEDERAL TRANSIT ADMINISTRATION OF
U.S. DEPARTMENT OF TRANSPORTATION,
an Agency of the United States, *et al.,*

    Defendants.

and

MARIA BAUTISTA, *et al.,*

    Plaintiffs,

vs.

FEDERAL TRANSIT ADMINISTRATION OF
U.S. DEPARTMENT OF TRANSPORTATION,
an Agency of the United States, *et al.*,

    Defendants.

Civ. No. 16-252 KG/KBM
Consolidated With
Civ. No. 16-354 KG/KBM

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court upon Federal Defendants' Motion and Memorandum to Strike Declarations Submitted by *Bautista* Plaintiffs (Motion to Strike), filed on June 22, 2016. (Doc. 69). *Bautista* Plaintiffs filed a response on July 7, 2016, and Federal Defendants filed a reply on July 11, 2016. (Docs. 93 and 99). City Defendants join in the Motion to Strike and filed a reply on July 11, 2016, as well. (Docs. 76 and 100). Having reviewed the Motion to Strike and accompanying briefs, the Court grants the Motion to Strike as described herein.

*A.  Background*

The City of Albuquerque (City) applied for a Small Starts grant from the Federal Transit Administration (FTA) to construct the Albuquerque Rapid Transit (ART) project along Central Avenue.  The FTA approved the City's application for a documented categorical exclusion (CE), which excluded the City from the environmental assessment or environmental impact statement requirements of the National Environmental Policy Act.  In deciding whether to approve the CE application, Section 106 of the National Historic Preservation Act (NHPA) required the FTA to take into account the effect of ART on historic properties.  36 C.F.R. § 800.1(a).  *Bautista* Plaintiffs' amended complaint contains, *inter alia*, a NHPA claim against Federal Defendants for not properly considering ART's effect on historic properties.  Count I of Amended Complaint (Doc. 20-2), filed in Civ. No. 16-354 KG/KBM.  The Court assumes that *Bautista* Plaintiffs are seeking review of the NHPA claim under the Administrative Procedure Act (APA).  *See Shanks v. Dressel*, 540 F.3d 1082, 1092 (9th Cir. 2008) (NHPA does not provide private cause of action); *Caddo Nation of Oklahoma v. Wichita & Affiliated Tribes*, 2016 WL 3080971, at *1 (W.D. Okla.) (federal courts generally review NHPA claims under APA).

On June 10, 2016, *Bautista* Plaintiffs filed a Motion for Preliminary Injunction to stop the ART construction.  (Doc. 48).  In support of their Motion for Preliminary Injunction, *Bautista* Plaintiffs submitted declarations by Stella Padilla, Joseph Aguirre, Maria Bautista, Ronald Friedrich, Oscar W. Roark, and Armen Chakerian.  (Docs. 49-1 to 49-6).

Federal Defendants now move to strike Roark's declaration, because he provides improper expert opinions on the City's traffic assessment report, a report the City submitted with its CE application.  Federal Defendants also move to strike the declaration by Ronald Friedrich, because he is not a Plaintiff.  Finally, Federal Defendants object to the use of any of the

declarations to the extent *Bautista* Plaintiffs intend to use the declarations to support the merits of the NHPA or APA claims.

*B.  Discussion*

Normally, a judicial review of an agency action is confined to the administrative record. *Citizens For Alternatives To Radioactive Dumping v. U.S. Dep't of Energy*, 485 F.3d 1091, 1096 (10th Cir. 2007).  In the Tenth Circuit, the Court may only consider extra-record evidence in "extremely limited circumstances, such as where the agency ignored relevant factors it should have considered or considered factors left out of the formal record." *Id.* (quoting *Lee v. U.S. Air Force*, 354 F.3d 1229, 1242 (10th Cir. 2004)).  With respect to "dealing with scientific and technical evidence, extra-record evidence 'may illuminate whether an [environmental impact statement] has neglected to mention a serious environmental consequence, failed adequately to discuss some reasonable alternative, or otherwise swept stubborn problems or serious criticism ... under the rug.'" *Id.* (quoting *Lee,* 354 F.3d at 1242 (internal quotations omitted)).  The Court may also consider extra-record evidence "when there is a 'strong showing of bad faith or improper behavior.'" *Id.* (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420 (1971)).

Regarding expert declarations, "[i]t is well established that 'agencies are entitled to rely on their own experts so long as their decisions are not arbitrary and capricious.'" *Lee*, 354 F.3d at 1242 (quoting *Custer County Action Ass'n v. Garvey*, 256 F.3d 1024, 1036 (10th Cir. 2001)).  The Court must also give deference to an agency's interpretation of its own regulations, "especially when that interpretation involves questions of scientific methodology." *Utah Envtl. Cong. v. Bosworth*, 439 F.3d 1184, 1188-89 (10th Cir. 2006) (quoting *Colorado Envtl. Coal. v. Dombeck*, 185 F.3d 1162, 1170 (10th Cir. 1999)).  Moreover, "[t]he agency, not the reviewing

court, is entrusted with the responsibility of considering the various modes of scientific evaluation and theory and choosing the one appropriate for the given circumstances." *Id.* (quoting *City of Bridgeton v. FAA,* 212 F.3d 448, 459 (8th Cir. 2000)).  Consequently, the fact that a party's expert disagrees with an agency's expert as to the "reliability of the methodology and whether it has been applied accurately" provides an insufficient basis for admitting extra-record evidence.  *Lee*, 354 F.3d at 1243-44.

      *1. The Roark Declaration*

Federal Defendants argue that the Court should strike the Roark declaration, because *Bautista* Plaintiffs plan to improperly use Roark's opinions to second-guess the expert opinions relied on by the City and the FTA.  *Bautista* Plaintiffs argue that Roark's declaration does not provide expert opinions although he admittedly "reviewed the traffic data and has provided simple statistical analysis that helps the Court to understand basic problems in the Traffic study data." (Doc. 93) at 3.  Having reviewed Roark's declaration, the Court finds that the nature of Roark's analysis and conclusions constitute an expert report.

The Court notes that in this case the FTA was not required to rely on its own traffic experts, but instead could rely on the City's traffic expert whose report is included in the Preliminary Administrative Record.  *See* 23 C.F.R. § 771.118(d) (applicant for documented CE "shall submit documentation which demonstrates that the specific conditions or criteria for these CEs are satisfied and that significant environmental effects will not result.").  Roark, in his declaration, attacks the reliability of the City's methodology by arguing that the City used invalid assumptions.  In other words, Roark disagrees with the City's experts.  Such a disagreement between experts on the correct methodology to utilize does not provide a sufficient reason to allow Roark's extra-record declaration.  *See Lee*, 354 F.3d at 1243-44.  The Court will, therefore,

strike Roark's declaration as an impermissible extra-record document as it relates to the NHPA/APA claim.

*2. Extra-Record Declarations by the Other Declarants*

Federal Defendants concede that *Bautista* Plaintiffs can rely on the extra-record declarations by Padilla, Aguirre, and Bautista to establish standing.[1] (Doc. 69) at 6. *See US Magnesium LLC v. U.S. E.P.A.*, 690 F.3d 1157, 1164-65 (10th Cir. 2012) (court may consider declarations "for sole purpose of determining whether [plaintiff] has standing…."). Federal Defendants further concede that *Bautista* Plaintiffs can rely on the extra-record declarations by Padilla, Aguirre, and Chakerian to establish the irreparable harm necessary to justify a preliminary injunction. (Doc. 69) at 6. *See Souza v. California Dep't of Transp.*, 2014 WL 1760346, at *7 n. 1 (N.D. Cal.) (court may consider declaration "for the limited purpose of assessing irreparable harm.").

On the other hand, Federal Defendants argue that the Court cannot consider a declaration from a non-plaintiff, like Friedrich, in establishing either the standing of *Bautista* Plaintiffs or any irreparable harm to *Bautista* Plaintiffs. Federal Defendants also argue that the Court cannot rely on any of the declarations to the extent *Bautista* Plaintiffs are using them to support the "likelihood of success on the merits" requirement for a preliminary injunction based on the NHPA/APA claim. Federal Defendants further note that because those declarations address subject matter already addressed in the Preliminary Administrative Record, i.e., impacts on traffic, access to businesses, and effects on flora, the declarations cannot supplement the Preliminary Administrative Record. *See, e.g., Northcoast Envtl. Ctr. v. Glickman*, 136 F.3d 660, 665 (9th Cir. 1998) ("not an abuse of discretion for the district court to strike cumulative and

---

[1] Standing, however, is not an issue in this case.

unnecessary documents outside the administrative record" which are not "outcome determinative").

*Bautista* Plaintiffs argue that all of their remaining declarations, including Friedrich's declaration, are admissible, because they demonstrate that the FTA ignored relevant factors like public opposition and ART's effect on traffic, businesses, historic resources, and foliage, all of which the FTA was required to consider in deciding whether to approve the CE application. The FTA, however, did not ignore the factors *Bautista* Plaintiffs identified. The City in their reports addressed those factors and came to a different conclusion than *Bautista* Plaintiffs would have, a conclusion the FTA ultimately accepted. In that sense, the remaining declarations present "cumulative and unnecessary" documents which *Bautista* Plaintiffs have not shown would have caused the FTA to deny the CE application.

To the extent the Preliminary Administrative Record does not contain a study or analysis of the economic impact of ART on businesses, as Federal Defendants note, the appropriate remedy is to remand the case to the FTA for consideration of that factor and not to consider the extra-record declarations on that issue. *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("if the agency has not considered all relevant factors, … the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."). In any event, the evidence in the declarations concerning a negative impact on businesses is unsubstantiated and, therefore, not helpful to the Court.

*Bautista* Plaintiffs also contend that their declarations show that the FTA acted in bad faith when it approved the CE application. *Bautista* Plaintiffs, however, have not made a "strong showing" of bad faith. They merely allege in a conclusory manner that the FTA acted in bad

6

faith. *Bautista* Plaintiffs have, therefore, failed to convince the Court to allow the extra-record declarations under the bad faith exception.

*C. Conclusion*

In sum, the Court concludes that the Federal Defendants' Motion to Strike has merit and will be granted to the extent that the Court will not consider *Bautista* Plaintiffs' declarations in deciding whether *Bautista* Plaintiffs will likely succeed on the merits of their NHPA/APA claim.[2]  This ruling does not include those documents Federal Defendants concede should not be stricken or the extent of the use of certain declarations which Federal Defendants concede are acceptable.

      IT IS ORDERED that

      1.  Federal Defendants' Motion and Memorandum to Strike Declarations Submitted by *Bautista* Plaintiffs (Doc. 69) is granted; and

      2.  except for those documents Federal Defendants concede are properly before the Court and except to the extent Federal Defendants concede some declarations are acceptable, the Court will not consider *Bautista* Plaintiffs' declarations filed in support of their Motion for Preliminary Injunction in determining whether *Bautista* Plaintiffs have demonstrated a likelihood of success on the merits of their NHPA/APA claim.

                                              UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Federal Defendants do not object to the Court considering the following attachments to the declarations:  (Doc. 49-2) at 6-7; (Doc. 50-12) at 14-16.  (Doc. 99) at 3 n.1.