*IN THE UNITED STATES DISTRICT COURT*

*FOR THE DISTRICT OF NEW MEXICO*

<u>*Clerk's Minutes*</u>
<u>*Before the Honorable Kenneth J. Gonzales*</u>

*Title:*  Coalition of Concerned Citizens to MakeARTSmart, et al. v. Federal Transit Administration of U.S. Department of Transportation, et al., CIV 16-0252 KG/KBM

*Date:*  Tuesday, July 26, 2016          *Court Interpreter:*  None

*Courtroom Clerk:*  Theresa A. Hall          *Court Reporter:*  Danna Schutte Everett

*Court in Session:*  1:00 p.m.   *Court in Recess:*  3:20 p.m.   *Total Court Time:*  2 hrs. 20 mins.

*Type of Proceeding:*  Telephonic hearing on *Defendants' Joint Motion in Limine to Exclude Certain Witnesses and Exhibits from the Preliminary Injunction Hearing*. (Doc. 122).

*Court's Rulings/Disposition:*  See below

*Order consistent with court's ruling to be prepared by: Court*

*ATTORNEY PRESENT FOR PLAINTIFF(S):*
   *John Boyd & Yolanda Gallegos for MakeArtSmart, et al.*
   *John McCall for Bautista, et al.*

*ATTORNEY PRESENT FOR DEFENDANT(S):*
   *Roberto Ortega, Andrew Smith, Tyler Burgess & Davene Walker for Federal Defendants*
   *Jessica Hernandez, William Pilsk, Kristin Dalton & Marla Lien for City of Albuquerque*

<u>PROCEEDINGS</u>:

1:00 p.m.          COURT IN SESSION

   *Judge and counsel introduce themselves.*

   *COALITION* PLAINTIFFS' WITNESS/EXHIBIT LISTS

   Mr. Smith:  *Coalition* Plaintiffs added witnesses/exhibits to their list that were already struck from the record by the Court.  16 witnesses were not identified in first list.  Deadline to file list was Friday.  On Monday they filed an amended list at 120 adding another witness, which we object to.  In addition, they filed 48 exhibits on their list on Friday, added 6 exhibits on Monday, and today added 2 more exhibits – untimely.  Plaintiffs also list testimony from witnesses whom the Court has already struck.  Merit issues that are inappropriate for this hearing.

Judge to Mr. Boyd: Why additional witnesses/exhibits after deadline?

Mr. Boyd: Worked over weekend and found discrepancies, so added on Monday. The witnesses that were added were also on Mr. McCall's list. No prejudice if added. Yvette Pacheco was substituted for her father who is ill. Impact on their businesses will be the testimony. In Doc. 120, we will not call the following: Bernstein (6), Krumperman (8), Rainocek (11), or Wright (12). The rest will or may call. All testimony will be brief.

Judge: The Court will not extend deadline witness/exhibit list deadline of 7/21/16. Therefore, Mr. Aguirre will be struck from Mr. Boyd's list; however he is listed on Mr. McCall's list so testimony will be limited.

Mr. Smith: Move to strike numbers 49-56 on first amended exhibit list (Doc. 119).

Mr. Boyd: The exhibits that were added to the amended exhibit list are part of the administrate record, so should not be stricken from the record. Others have just become available.

Judge: 50-52 are redundant because it is part of the administrative record, so will be allowed. Entire administrative record will be allowed. However, will strike 53 & 54. Exhibit 48 & 49 will also be struck.

Mr. McCall: Exhibit 49 is part of Mr. Aguirre's testimony.

Judge: Exhibit 55 is struck as well (untimely notice).

Mr. Smith: The Court previously struck the declaration of Mr. Lusk.

Mr. Boyd: Mr. Lusk will address irreparable harm, not to disagree with anything in the administrative record. Also be offered to testify on the City's misrepresentation or failure to address.

Judge: How does that get into what I struck?

Mr. Boyd: Reading from pages 3-4 & page 8 of the Court's MOO (Doc. 104).

Mr. Smith: Also referencing the Court's MOO striking Mr. Lusk's declaration in full including testimony of issues which the City has addressed.

Judge: Does not see a violation of due process.

Mr. Boyd: Names all witnesses on his list who are not members of this *Coalition* and/or a party to this case.

Mr. Smith: Pacheco (9), Chronis (10), Encinas (13), Hancock (15), and Pistales (16) are excluded, correct?

Judge: Non-parties will not be allowed to testify from *Coalition's* First Amended Witness list. Brief written proffer by them will be allowed. Will take this up again during the hearing to see if the Court will accept proffers.

Mr. Smith: Witnesses Pasternoster (5) & Peterson (7) have also been struck by the Court earlier.

Mr. Boyd: Both are members of the *Coalition*.

Judge: Asks Mr. Boyd to verify that both are part of the *Coalition* and to confer with Mr. Smith; may take up later during the hearing.

Mr. Smith: What are remaining witnesses allowed to testify about?

Judge: In sum, if witness's testimony going to the merits, I will not hear; however, if testimony is about irreparable harm, I will hear from them.

Mr. Boyd: Discusses meetings with the City and Anella (2) and Peterson (7), and to what they can testify about during the hearing tomorrow.

Judge: Considering if this is extra record evidence. Will not allow, as of now, but amenable to reconsideration.

Mr. Boyd: It will take about 1 day for Plaintiffs' witnesses.

*BAUTISTA* PLAINTIFFS' WITNESS/EXHIBIT LISTS

Mr. McCall: Plan to call all 20 witnesses in Doc 114 at this point. May not call 4 witnesses depending on how it goes. Parties to this case are witnesses numbers 1-3, 5-8, 10-12 and 18. Calling other witnesses as they have foundation to the irreparable harm to my Plaintiffs. Foundational witnesses regarding the area, trees, buildings, etc.

Mr. Smith: Nos. 16 & 17 should be stricken because they are speculative witnesses.

Judge: These two will not be allowed; non-parties will not be allowed, but I will consider written proffer.

Mr. Smith: Clayton (4) is not a party, but who initiated a petition re: public controversy.

Mr. McCall: Evidence of public controversy should be allowed.

3

Mr. Smith:  Substantial public controversy is very clear. Only to do with magnitude of environmental issues.

Mr. Boyd:  Not about environmental grounds but outpour of public protest. Reviews *Ocean Guardian* case that Plaintiffs have previously cited.

Judge:  Controversy can be a lot of things. How do I gage controversy from both sides. Mr. Clayton will not be allowed to testify, but a written proffer may be allowed. Directs Mr. McCall and Mr. Smith to discuss these witnesses before the hearing tomorrow to see if they can stipulate.

Mr. McCall:  Witness No. 6 is direct relative of Plaintiff Bautista; No. 9 is intimately aware of the area & community and can articulate where certain trees/plants are located.

Mr. Smith:  Objects to Witness No. 13.

Judge:  Reduce No. 13's testimony to a proffer and I will consider it.

Mr. McCall:  Witness Nos. 14, 15 and 19 testimony will be very brief and relevant to the background of this case.

Judge:  Reserve ruling. Same as other non-parties, written proffer will be allowed.

Mr. Pilsk:  If the Court accepts the profferes, will it accept rebuttals?

Judge:  Yes.

Mr. Smith:  Objects to No. 20.

Mr. McCall:  This witness is basically an IT witness, with photos and videos and should be allowed.

Judge:  Confer with opposing counsel to see if there is an agreement. Defer ruling on No. 20.

Mr. Smith:  Exhibits that were proffered with the different witnesses may need to be discussed at the hearing.

Judge:  Doc. 113 will need to be adjusted due to the Court's rulings today.

Mr. Pilsk: City Defendants have 4 witnesses that will take about ½ day.

Mr. Smith:  Federal Defendants have possible 1 witness to help answer any

4

questions that the Court may have.

Judge: Would like to have a decision by the end of Thursday, but that depends on how the hearing transpires. Time limits are as follows: 9 AM opening statements from all limited to 15 minutes each (approx. 1 hour); 4 hours for each Plaintiff; Thursday AM defendants and closing remarks limited to 30 minutes each. Direct and cross are included in the 4 hours allotments.

Mr. McCall: I have an 8:15 AM hearing in state court; 4:00 PM telephonic hearing want to make the Court aware of.

Judge: Court will begin promptly at 9:00 AM tomorrow.

3:20 p.m.          COURT IN RECESS